FILED & JUDGMENT ENTERED
Steven T. Salata

Jan 05 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

In re:                                    )  Case No. 11-31133
                                          )       Chapter 7
   **HEATH M. EUTSLER, and**              )
   **HEATHER M. EUTSLER,**                )
                                          )
                  Debtors.          )
                                          )

**ORDER PARTIALLY SUSTAINING TRUSTEE'S OBJECTION TO DEBTORS'
EXEMPTIONS**

    This matter came on for continued hearing on December 15, 2011 on the Trustee's Objection to Debtors' Exemptions ("Objection"). David R. Badger appeared on behalf of the Debtors (the "Debtors"), and R. Keith Johnson appeared on behalf of R. Keith Johnson, the trustee (the "Trustee"). The Court, having reviewed the pleadings and the record in this case, and having considered the arguments of counsel, finds and concludes as follows:

**BACKGROUND**

    1. The Debtors filed a voluntary petition (the "Petition") for relief pursuant to chapter 7 of the Bankruptcy Code on May 2, 2011 (the "Petition Date").

    2. The Trustee is the duly appointed chapter 7 trustee in the Debtors' case.

    3.   On June 10, 2011, the Trustee filed his Objection to Exemptions, objecting to funds claimed as exempt in three bank accounts: $3,581.43 in First Citizens Bank account ending in '5913', $11,922.80 in First Citizens Bank account ending in '3282', and $2,406.00 in Oppenheimer Funds Money Market Account ending in '1403'. At the hearing on this matter, the Trustee did not address the objections to the exemptions in bank accounts ending '5913' and '1403'; therefore, the Court deems that the Trustee has abandoned the objections to those two exemptions, and the exemptions in those two bank accounts ending '5913' and '1403' are deemed allowed.

    4.   On June 24, 2011, Debtors filed a Motion to Amend Debtors' Exemptions, requesting that the Court direct the Trustee to allow them to amend their exemptions elections to increase the amount of claimed exemptions in the bank account at issue, First Citizens Bank account ending in '3282' in the amount of $14,722.46 (the "Cash Exemptions"), under N.C. Gen.Stat. § 1-362. Since the Trustee objected to any exemption in this asset, the amendment may be treated in this order.

    5.   The Court heard the Objection on December 15, 2011. At that hearing, counsel for the Trustee maintained that the Debtors should not be allowed to claim an exemption in the portion of the Cash Exemptions that were an incentive pay or bonus (the "Bonus") to the female Debtor. Counsel for the Debtors argued that § 1-362 would apply to allow the Debtors to exempt the entire amount of the Cash Exemptions, which constitutes wages earned from female Debtor's employer and the Bonus paid to the female Debtor in March of 2011 in the amount of $10,666.12 for services performed in 2010; however, no evidence or testimony was introduced to that effect.

## DISCUSSION

    The Court finds and concludes that the Trustee's Objection should be partially sustained, as to the funds that constitute the Bonus.

    N.C. Gen.Stat. § 1-362 permits debtors to exempt from execution "the earnings of the debtor for his personal services, at any time within 60 days next preceding the order [of execution] … when it appears by the debtor's affidavit or otherwise, that these earnings are necessary for the use of a family supported wholly or partly by [the debtor's] labor." N.C. Gen.Stat § 1-362. To successfully claim a § 1-362 exemption, a bankruptcy debtor must make the following three showings: (1)

that the cash was earned from personal services; (2) that the cash was earned within the 60 days preceding the petition; and (3) that the cash is necessary for the support of a family. *In re Button*, 2003 WL 1964192 *1 (Bankr.M.D.N.C. Apr. 24, 2003).

The threshold question in analyzing the applicability of § 1-362 lies in whether the funds at issue reflect "earnings" of the debtor "for personal services." *In re Dillon*, 2005 WL 1629923 *1 (Bankr.M.D.N.C. Jul. 8, 2005). "Earnings … for personal services" is not a term that is defined in N.C. Gen.Stat. § 1-362. In such a situation, it is appropriate for the court to give the words of the statute their commonly accepted meaning. *Anderson v. Babb*, 632 F.2d 300, 308 (4th Cir.1980).

The word "earnings" is commonly understood to mean "something (as wages) earned"; "earn" is commonly understood to mean "to receive as a return for effort and especially for work done or services rendered" or "to come to be duly worthy of or entitled or suited to." *Merriam-Webster's Online Dictionary* (2012). Courts have found that a bonus is considered to be earnings for personal services. *In re Sheeran*, 369 B.R. 910, 918 (Bankr.E.D.Va. Jun. 13, 2007); *see also, Shearin v. Beaman*, 323 B.R. 917 (E.D.N.C. Mar. 17, 2004) (a year-end distribution is considered to be earnings for personal services). Therefore, this Court finds that the Bonus received by the female Debtor does qualify as earnings for her personal services.

The next element that a debtor must show is that the funds were earned within 60 days of the bankruptcy. In the present case, the Bonus was awarded based on the female Debtor's services performed from January 1, 2010 through December 31, 2010. The Bonus amount was not determined until female Debtor's employer processed its final earnings report and calculated each individual's bonus. The Bonus was calculated and paid to female Debtor in early March of 2011, which was within 60 days of the Petition Date.

The issue presented to this Court is when the female Debtor earned the Bonus. Debtors contend that the Bonus was earned at the time it was paid, in March of 2011. The Trustee contends that the Bonus was earned over the course of the year 2010, meaning outside the 60-day period preceding bankruptcy.

This Court holds that the Bonus was earned at the time the services were rendered, which was from January 1, 2010 through December 31, 2010. Even though the Bonus was calculated and paid

in March of 2011, this compensation was earned as the female Debtor's work was performed. Thus the Bonus was earned from January 1, 2010 through December 31, 2010.

This interpretation of "earn" has been adopted by courts in this circuit as well as other bankruptcy courts. The Fourth Circuit recently found that, for purposes of priority under 11 U.S.C. § 507(a)(4), a severance package was earned "on the date the employee became entitled to receive such compensation". *Matson v. Alarcon*, 651 F.3d 404, 409 (4th Cir.2011).

Likewise, the court in *In re Cardinal Industries, Inc.* found that a bonus was earned when services giving rise to right to payment were performed. *In re Cardinal Industries, Inc.*, 160 B.R. 83 (Bankr.S.D.Ohio 1993). The *Cardinal* court held that "earned" for purposes of priority of wage claims, may not always be synonymous with "payable". Rather, the focus should be upon the time period in which the individual performed the services which gave rise to the right to the bonus. The fact that the bonus might not have been approved for payment until later does not alter the time when it was "earned". *Id.* at 85.

Therefore, in the present case, since the Bonus was based on services performed by the female Debtor from January 1, 2010 through December 31, 2010, then the Bonus was earned as of December 31, 2010. That the Bonus was calculated and paid at a later date does not change the fact that the Bonus was earned in 2010. Since the Bonus was earned more than 60 days prior to the Petition Date, the Bonus portion of the Cash Exemptions is not exempt pursuant to § 1-362.

Since Debtors have failed to meet the burden of proving that the Bonus funds were earned within 60 days of the bankruptcy filing, this Court need not address the third prong of whether the cash is necessary for the support of a family.

For these reasons, the Court holds that the Trustee's Objection is proper and should be partially sustained, as to the Bonus funds in the amount of $10,666.12.

Given that the Debtors' exemption claim must be denied in part, they are required to turnover the non-exempt funds totaling $10,666.12 to the Trustee for the benefit of the bankruptcy estate.

Debtors are not without recourse, in that they may amend their exemptions to claim a portion of the Bonus funds as exempt

under N.C. Gen.Stat. § 1C-1601(a)(2), if such exemption has not yet been fully claimed.

    **IT IS, THEREFORE, ORDERED:**

    1) The Trustee's Objection to the Debtors' exemptions is partially SUSTAINED as to the Bonus funds in the amount of $10,666.12;

    2) The Debtors' motion to amend their exemptions is DENIED as to the Bonus funds in the amount of $10,666.12, but allowed as to any remaining funds in First Citizens Bank account ending in '3282' that are not Bonus funds but earnings for period of time within 60 days of the Petition Date; and

    3) The Debtors are directed to turn over the sum of $10,666.12 to the Trustee within ten days of entry of this Order.

**SO ORDERED.**

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**